# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RICARDO CONTRERAS,

                    Petitioner,                  Case Number: 2:08-CV-10867

v.                                             HON. VICTORIA A. ROBERTS

JAN E. TROMBLEY,

                    Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Ricardo Contreras is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

### I.

Petitioner pleaded guilty in Kent County Circuit Court to one count each of first- and second-degree criminal sexual conduct. On September 19, 2006, he was sentenced to 15 to 60 years' imprisonment for the first-degree conviction and 7-1/2 to 15 years' imprisonment for the second-degree conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> Whether the trial court violated defendant's Sixth and Fourteenth Amendment rights by imposing a minimum guidelines range sentence based upon the scoring of facts not proven to a jury beyond a reasonable doubt or admitted by defendant.

The Michigan Court of Appeals denied leave to appeal. People v. Contreras, No. 276900

(Mich. Ct. App. Apr. 19, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Contreras, No. 133940 (Mich. July 30, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the same claim raised on direct appeal in state court.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

Petitioner's claim is reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. See Wiggins v. Smith, 539 U.S. 510, 520 (2003).

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts

reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the
> governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

## C.

Petitioner alleges that he is entitled to habeas corpus relief because the trial court violated his Sixth and Fourteenth Amendment rights because the trial court increased his sentence in reliance upon facts not presented at the plea or sentencing hearings. *See* Blakely v. Washington, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Michigan has an indeterminate sentencing system for most crimes, including criminal sexual conduct. The maximum term of imprisonment is set by law. Mich. Comp. Laws

§ 769.8(1); *see also* <u>People v. Drohan</u>, 475 Mich. 140, 160-61 (2006).  In <u>Blakely v.</u>

<u>Washington</u>, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing

systems and held that such systems do not violate the Sixth Amendment.  The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury.  Indeterminate sentencing does not do so.  It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty.  Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion.  But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.  In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail.  In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

<u>Blakely</u>, 542 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed

statutory maximum."  <u>Apprendi</u>, 530 U.S. at 490.  In this case, the sentencing court did not

impose a sentence beyond the statutory maximum for either of Petitioner's crimes. Therefore,

the sentencing scheme did not run afoul of the Sixth Amendment.  Because <u>Blakely</u> does not

apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's

scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See* <u>Tironi</u>

<u>v. Birkett</u>, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007).  ("<u>Blakely</u> does not

apply to Michigan's indeterminate sentencing scheme.").  <u>Minner v. Vasbinder</u>,  2007 WL

1469419, * 4 (E.D. Mich. May 21, 2007); <u>Chatman v. Lafler</u>, 2007 WL 1308677, *2 (E.D. Mich.

May 3, 2007); <u>Jones v. Bergh</u>, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); <u>George v.</u>

Burt, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); Walton v. McKee, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Petitioner has thus failed to state a claim upon which habeas relief may be granted.

**D.**

The Court next addresses whether Petitioner's claim warrants the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDonnell, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. It would be a "rare case" in which a district judge issues a certificate of

appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See* Alexander v. Harris, 595 F. 2d 87, 91 (2nd Cir. 1979).

## III.

It plainly appears from the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 21, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 21, 2008.

s/Carol A. Pinegar
Deputy Clerk